1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SONIA SAYYEDALHOSSEINI,                      No.  2:21-cv-1567 KJM DB PS

12                   Plaintiff,

13          v.                                      FINDINGS AND RECOMMENDATIONS

14    USCIS SACRAMENTO FIELD OFFICE
      U.S. DEPARTMENT OF HOMELAND
15    SECURITY,

16                   Defendant.

17

18          Plaintiff Sonia Sayyedalhosseini is proceeding in this action pro se.  This matter was

19    referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20    Pending before the Court are defendant's motion to remand to the United States Citizenship and

21    Immigration Services ("USCIS") for adjudication, as well as plaintiff's motion for entry of

22    judgment.  For the reasons explained below the undersigned recommends that defendant's motion

23    to remand be granted and plaintiff's motion for entry of judgment be denied.

24                                          **BACKGROUND**

25          Plaintiff Sonia Sayyedalhosseini commenced this action on September 1, 2021, by filing a

26    complaint and paying the required filing fee.  (ECF No. 1.)  The complaint asks that the court

27    issue an "Order Granting U.S. Citizenship" to plaintiff's "husband (Seyed Saeid Zamanieh

28

                                                    1

1   Shahri)."  (Compl. (ECF No. 1) at 8.[1])  According to the complaint plaintiff's "husband . . .

2   applied for Naturalization (Citizenship) since January 2019," but has not yet received a final

3   determination of that application.  (Id. at 11.)  On October 29, 2021, defendant USCIS filed a

4   motion to remand this action to USCIS for consideration of the application.  (ECF No. 8.)

5   Plaintiff filed an opposition on November 2, 2021.  (ECF No. 10.)  Defendant filed a reply on

6   November 18, 2021.  (ECF No. 16.)  On November 29, 2021, plaintiff filed a "Motion for

7   Judgment."  (ECF No. 21.)

8                                              **ANALYSIS**

9   **I.      Defendant's Motion to Remand**

10          When an applicant submits an application for naturalization and the USCIS fails to make a

11  determination on that application "before the end of the 120–day period after the date on which

12  the examination is conducted under [8 U.S.C. § 1446], the applicant may apply to the United

13  States district court for the district in which the applicant resides for a hearing on the matter."  8

14  U.S.C. § 1447(b).  The district court then "has [exclusive] jurisdiction over the matter and may

15  either determine the matter or remand the matter, with appropriate instructions, to the Service to

16  determine the matter."  Id.; U.S. v. Hovsepian, 359 F.3d 1144, 1164 (9th Cir. 2004).

17          Generally, the court should "remand a case to an agency for decision of a matter that

18  statutes place primarily in agency hands."  I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002).

19  "[J]udicial deference to the Executive Branch is especially appropriate in the immigration

20  context[.]"  I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999).  "[T]he executive branch is in a

21  better position than [the] court to oversee [an applicant's] background investigation, to compile

22  an administrative record, and to consistently apply the immigration laws."  Penalosa v. U.S.

23  Citizenship and Immigration Services, No. 07cv0808 JM(AJB), 2007 WL 2462118, at *2 (S.D.

24  Cal. Aug. 28, 2007).

25          "Here, like the majority of courts that have remanded naturalization applications to

26  USCIS, the [undersigned] finds the executive branch is in a better position than this Court to

27  ───────────────────────

28  [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

                                                    2

1   decide Plaintiff's naturalization Application." Singh v. Crawford, No. 1:13-cv-1894 SKO, 2014

2   WL 1116989, at *3 (E.D. Cal. Mar. 19, 2014); see also Gill v. Crawford, No. 1:15-cv-1633 MCE

3   MJS, 2016 WL 880952, at *1 (E.D. Cal. Mar. 8, 2016) ("The vast majority of district courts

4   remand lawsuits filed under § 1447(b) for USCIS to decide in the first instance whether to grant

5   or deny an application for naturalization.").

6       Plaintiff opposes remand based, in part, on the delay caused by USCIS.  (Pl.'s Opp.'n

7   (ECF No. 10) at 2.)  "Courts that have declined to remand to USCIS consider the length of delay

8   since 8 U.S.C. § 1447(b) was enacted with the aim of avoiding long delays." Yith v. Nielsen, 343

9   F.Supp.3d 938, 949 (E.D. Cal. 2018).  Plaintiff's concern about further delay is not without merit.

10  Defendant, however, has assured "the Court that adjudication will be completed within 120 days

11  from the date of an order of remand."  (Def.'s Mot. Remand (ECF No. 8) at 2.)

12      While the undersigned shares plaintiff's concern about reaching a timely resolution, "all

13  parties and the court will benefit from the agency bringing its expertise to bear on this matter,

14  and, by requiring action within a short period of time the Court can prevent further delay." Singh

15  v. Crawford, No. 1:13-cv-1895 MJS, 2014 WL 12778556, at *1 (E.D. Cal. Mar. 7, 2014); see also

16  Rashid v. Department of Homeland Security, No. 2:14-cv-2109 JAM KJN, 2017 WL 1398847, at

17  *2 (E.D. Cal. Apr. 19, 2017) ("Although Plaintiff's application had been pending for nearly two

18  years when Plaintiff filed his complaint, remand is the appropriate course of action in this case.").

19      Plaintiff's opposition also express concerns about "a risk of retaliation," as a result of

20  plaintiff filing this action.  (Pl.'s Opp.'n (ECF No. 10) at 4.)  At this time, however, plaintiff's

21  concerns about retaliation are hypothetical.  Moreover, as defendant points out, if upon remand

22  the application for naturalization is denied, plaintiff would be entitled "to return to this Court

23  under 8 U.S.C. § 1421(c) for de novo review of that decision."  (Def.'s Reply (ECF No. 16) at 3.)

24      Accordingly, for the reasons stated above, the undersigned finds that defendant's motion

25  to remand should be granted.

26  **III.    Plaintiff's Motion for Judgment**

27      Plaintiff's motion asks the Court "to accept . . .  'Motion for Entry of Judgment,'" and to

28  "not remand adjudication to Defendants[.]"  (Pl.'s Mot. (ECF No. 21) at 1.)  For the reasons

1  explained above, however, the undersigned has found that this matter should be remanded.

2  Moreover, plaintiff's motion provides no authority from which the Court could enter judgment in

3  plaintiff's favor.

4      Accordingly, the undersigned recommends that plaintiff's motion for entry of judgment be

5  denied.

6                                **CONCLUSION**

7      Accordingly, IT IS HEREBY RECOMMENDED that:

8      1.  Defendant's motion to remand (ECF No. 8) be granted;

9      2.  Defendant be instructed to reopen and complete adjudication within 120 days of an

10  order adopting these findings and recommendation;

11     3.  The parties be instructed to file a status report within 7 days of completion of the

12  adjudication by USCIS; and

13     4.  This action be stayed.

14     These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within fourteen days after service of the objections.  The parties are

20  advised that failure to file objections within the specified time may waive the right to appeal the

21  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  Dated:  May 24, 2022

23

24

25  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

26

27  DLB:6
    DB/orders/orders.pro se/sayyedalhosseini1567.remand.f&rs

28

                                    4